## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

APL MICROSCOPIC, LLC,

    Plaintiff,

v.

THE UNITED STATES OF AMERICA,

    Defendant.

Case No.: 18-1851 C

Senior Judge Edward J. Damich

## OPPOSITION TO MOTION TO DISMISS

JOEL B. ROTHMAN
FL Bar No. 98220
joel.rothman@sriplaw.com

**SRIPLAW**
21301 Powerline Road
Suite 100
Boca Raton, FL 33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff APL Microscopic, LLC*

## TABLE OF CONTENTS

INTRODUCTION ...................................................................................................1

THE GOVERNMENT INFRINGED BY VIOLATING APL'S DISPLAY RIGHT WITHIN THREE YEARS OF THE FILING OF THE COMPLAINT ....................1

THE COMPLAINT IS SUFFICIENT AND PLAUSIBLE........................................4

# **TABLE OF AUTHORITIES**

**Cases**

*A&M Records v. Napster, Inc.*, 239 F.3d 1004 (9th Cir. 2001) .......................................................... 5

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........................................................................................ 4, 5

*Aviation Software, Inc. v. United States*, 101 Fed. Cl. 656 (2011) .................................................. 4

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ....................................................................... 4, 5

*Cohen v. United States*, 94 Fed. Cl. 165 (2010) ............................................................................. 3

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340 (1991) ........................................... 5

*Goldman v. Breitbart News Network, LLC*, 302 F. Supp. 3d 585 (S.D.N.Y. 2018) ....................... 2

*Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146 (9th Cir. 2007) ............................................ 2

*Prof'l LED Lighting, Ltd. v. Aadyn Tech, LLC*, 2015 U.S. Dist. Lexis 19410 (S.D. Fla. 2015) .... 5

*Wechsberg v. United States*, 54 Fed. Cl. 158 (2002) ..................................................................... 3

**Statutes**

17 U.S.C. § 106 ............................................................................................................................ 3, 5

17 U.S.C. § 106(1) ............................................................................................................................ 3

17 U.S.C. § 106(5) ....................................................................................................................... 2, 3

17 U.S.C. § 302(a) ....................................................................................................................... 2, 4

17 U.S.C. § 501 ................................................................................................................................ 2

17 U.S.C. § 501(a) ....................................................................................................................... 2, 4

17 U.S.C. § 504(c) ........................................................................................................................... 5

28 U.S.C. § 1498(b) ................................................................................................................ passim

**Other Authorities**

54 Fed. Cl. at 163 ............................................................................................................................ 3

**Rules**

54 Fed. Cl. 158, 161 (2002) ............................................................................................................ 3

Fed. R. Civ. P. 12(b)(6) ................................................................................................................... 4

Fed. R. Civ. P. 8(a)(2) ................................................................................................................. 4, 5

Plaintiff APL MICROSCOPIC, LLC ("APL"), by and through its undersigned counsel, hereby opposes the Defendant's Motion to Dismiss (Doc. 13), and as grounds therefore states as follows:

## INTRODUCTION

The Government's Motion to Dismiss should be denied. APL filed its complaint in this action within three years of the last infringement by the Government of APL's display right of its copyrighted image on the NASA website. Therefore, the complaint complies with 28 U.S.C. § 1498(b). APL also sufficiently pled its entitlement to damages for infringement, including the minimum statutory damages provided for in § 1498(b). For the reasons set forth below, the motion to dismiss should be denied.

## THE GOVERNMENT INFRINGED BY VIOLATING APL'S DISPLAY RIGHT WITHIN THREE YEARS OF THE FILING OF THE COMPLAINT

Visit NASA's Spanish language website today at https://ciencia.nasa.gov/science-at-nasa/2004/19aug_blood (Ex. 1 hereto), and – unless NASA has finally taken it down by the time you get there -- you will find there displayed APL's copyrighted image of a human embryonic stem cell taken by Andrew Paul Leonard with an electron microscope, the same image that was featured on the cover of Time Magazine on August 7, 2006.[1] (Shown in Ex. 2 hereto). The same image was displayed on NASA's website on January 9, 2018 in Exhibit 2 to the original complaint. (Doc. 1-2). The same image was displayed on NASA's website on March 6, 2019 in Exhibit 2 to the amended complaint. (Doc. 12-2). And the same image is displayed on NASA's website today (April 29, 2019) as can be seen in Exhibit 1 to this opposition.

---

[1] The only difference between the image at issue and the image on Time's cover is colorization. The image on Time's cover was colorized pink with a green background. The image on NASA's website is colorized purple with a gold background. But the image is the same.

But the fact that the Government's display of APL's copyrighted image -- which began as early as 2004 as evidenced by the dates of the NASA website articles shown in Exhibits 1, 3, and 4 hereto -- continues even to this day matters not to the Government. According to its motion, because the Government's infringement began more than three years prior to the filing of this case, 28 U.S.C. § 1498(b)'s paragraph two bars all recovery, even if the Government's infringement continues unabated today. And, of course, since injunctive relief is unavailable to a plaintiff suing the Government for infringement, the Government must think it can keep on displaying APL's copyrighted electron microscopic image of a human stem cell on the NASA website for as long as Andrew Leonard lives and another 70 years thereafter[2] without paying APL a penny for the privilege. The Government is not correct.

The owner of a copyright may bring a claim against anyone who violates one of the "exclusive rights" protected by the Copyright Act, including "in the case of . . . pictorial, graphic, or sculptural works, . . . to display the copyrighted work publicly." 17 U.S.C. § 106(5), and 17 U.S.C. § 501(a). The displaying of copyrighted material on the internet constitutes an act of infringement. See, e.g., *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1160 (9th Cir. 2007) (holding that "Google's communication of its stored thumbnail images directly infringe[d] [the Plaintiffs] display right" under the Copyright Act). See also, *Goldman v. Breitbart News Network, LLC*, 302 F. Supp. 3d 585 (S.D.N.Y. 2018) (denying summary judgment to defendants and determining that the display of an image in a Twitter feed violated the copyright holder's display right).

Here, acts of infringement alleged in the Amended Complaint include that "NASA … displayed … the Work at issue in this case … without APL's authorization in violation of 17 U.S.C. § 501." (Doc. 12, ¶ 31). The Amended Complaint alleges that the Government infringed

---

[2] See 17 U.S.C. § 302(a) (duration of copyright is generally the life of the author plus 70 years).

APL's display right in violation of § 106(5) when it displayed APL's image without its authorization on its website on January 9, 2018 (as shown in Doc. 1-2), on March 6, 2019 (as shown in Doc. 12-2), today (as shown in Ex. 1 hereto), and every day within the three years before APL filed its complaint.

In *Wechsberg v. United States*, this Court held that the "Plaintiff's cause of action under Section 1498(b) accrues as late as, and the statute of limitations therein begins to run from, *the time of the most recent act of infringement in a series of infringing acts*." 54 Fed. Cl. 158, 161 (2002) (emphasis added). *Wechsberg* rejected the same "narrow theory of the accrual date of a copyright infringement action under Section 1498(b)," *id.*, 54 Fed. Cl. at 163, that the Government seeks to apply here. (Mot. at 7-8). The Government argues that it is the date that the Government first began infringing that matters.[3] The Government says that date was August 19, 2004, the date of publication shown on the NASA article attached as Exhibit 2 to the Amended Complaint. The government asserts that it is that date from which § 1498(b)'s three years should be measured. Not correct. *Wechsberg* correctly held that the three years runs from the most recent act of infringement. The most recent act of infringement was today.

The word "infringement" in the Copyright Act means more than just a violation of the reproduction right in § 106(1). As noted above, infringement is the violation of any of the exclusive rights reserved to the copyright owner in § 106, including the copyright owner's exclusive display right in § 106(5). The Government's application of paragraph two of § 1498(b) misconstrues the term "infringement" in the statute. The Government construes the term "infringement" in paragraph two of § 1498(b) too narrowly. The Government relies upon decisions in other cases that determined a plaintiff's failure to file suit against the Government

---

[3] See, Government's Motion at 8 citing *Wechsberg v. United States*, 54 Fed. Cl. 158 (2002); *Cohen v. United States*, 94 Fed. Cl. 165 (2010).

within three years of the alleged infringement was fatal under § 1498(b) (Mot. at 6), but the facts in those cases did not show a violation of any of the copyright owner's exclusive rights within three years of the filing of the complaint. See, e.g., *Aviation Software, Inc. v. United States*, 101 Fed. Cl. 656, 660 (2011) (complaint based on newly discovered evidence dismissed where copyright holder's prior complaints were "devoid of any allegations that [L-3] has reproduced the source code, distributed the source code, by sale or otherwise, or publicly disclosed the source code.")

The most recent act of infringement in this case happened today when plaintiff's counsel went to NASA's website at https://ciencia.nasa.gov/science-at-nasa/2004/19aug_blood and NASA displayed APL's copyrighted image without authorization in violation of 17 U.S.C. § 106(5), and 17 U.S.C. § 501(a). APL concedes that the plain language of § 1498(b) prevents APL from recovering for violations of its display right that occurred more than three years prior to the filing of the complaint in this case. But because APL's display right was violated within three years of the filing of this case, and its display right will continue to be violated as long as APL's copyrighted image is displayed on NASA's website, this suit was filed timely.

## **THE COMPLAINT IS SUFFICIENT AND PLAUSIBLE**

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard is not akin to a

"probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*.

To demonstrate a *prima facie* case of copyright infringement in a complaint, a plaintiff must allege two elements, ownership of a valid copyright and copying. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991). "The word 'copying' is shorthand for the infringement of any of the copyright owners' five exclusive rights' under Section 106. *A&M Records v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001). Other courts have held that in copyright infringement cases, a plaintiff need only satisfy the requirements of Rule 8(a)(2) by including a "short and plain statement of the claim showing that the pleader is entitled to relief." *Prof'l LED Lighting, Ltd. v. Aadyn Tech, LLC*, 2015 U.S. Dist. Lexis 19410 (S.D. Fla. 2015).

APL's amended complaint satisfies the requirements of Rule 8 and *Twombly* and *Iqbal*. Yet the Government complains that the amended complaint fails to sufficiently allege APL's damages for which the Government demands a bill of particulars.[4] APL has searched but found no justification for the detailed pleading of damages the Government demands. None of the cases the Government cites are copyright cases; none of the cases cited by the Government have any application to this action for which APL may obtain "recovery of his reasonable and entire compensation as damages for such infringement, including the minimum statutory damages as set forth in section 504(c) of title 17, United States Code." 28 U.S.C. § 1498(b). The information

---

[4] The Government complains:

> The Government remains unable to ascertain any information about what, if any, actual damage APL has suffered. Noticeably absent is any information regarding the nature of the actual damage, the scope of the actual damage, or how the damage occurred and when. Further, the Amended Complaint is similarly devoid of any information demonstrating how the actual damage APL has allegedly suffered is directly related to the Government's conduct. APL's complaint is similarly devoid of any factual allegation supporting its allegation of NASA's benefit from the alleged infringement.

(Mot. at 11-12).

on APL's damages will be produced in discovery.  If this Court requires more detailed pleading of damages, APL respectfully requests leave to do so in detail which it can easily do in an amended complaint.

WHEREFORE, Plaintiff APL MICROSCOPIC, INC. prays this Honorable Court deny the motion to dismiss, and for such other and further relief as to this Court deems just and proper in the premises.

Dated:  April 29, 2019				Respectfully submitted,

						*/s/ Joel B. Rothman*
						JOEL B. ROTHMAN
						FL Bar No. 98220
						joel.rothman@sriplaw.com

						**SRIPLAW**
						21301 Powerline Road, Suite 100
						Boca Raton, FL 33433
						561.404.4350 – Telephone
						561.404.4353 – Facsimile

						*Counsel for Plaintiff APL Microscopic, LLC*

### CERTIFICATE OF SERVICE

The undersigned does hereby certify that on April 29, 2019, a true and correct copy of the foregoing document was served by electronic mail by the Court's CM/ECF System to all parties listed below on the Service List.

						*/s/Joel B. Rothman*
						Joel B. Rothman

### SERVICE LIST

Mr. Patrick C. Holvey
Department of Justice
2200 L Street, NW, Room 8512
Washington, DC 20005
patrick.c.holvey@usdoj.gov
*Attorney for Defendants*