## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

APL MICROSCOPIC, LLC,

v.

Case No.: 18-1851 C

THE UNITED STATES OF AMERICA,

---

### SECOND AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff APL MICROSCOPIC, LLC, by and through its undersigned counsel, brings this Second Amended Complaint against Defendant THE UNITED STATES OF AMERICA, for damages, and in support thereof states as follows:

### SUMMARY OF THE ACTION

1.     Plaintiff APL MICROSCOPIC, LLC ("APL"), brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy, distribute and display APL's original copyrighted works of authorship.

2.     APL's principal is Andrew Paul Leonard ("Leonard").  Leonard is a highly skilled and experienced creator of microscopic photography.  Currently, Leonard's "cameras" include field emission scanning electron microscopes.  Using a scientist's tool and "eye" to capture the splendor of a miniscule world beyond the normal range of human vision, Leonard has documented cells and cellular bodies with high contrast experimental imagery and special optical effects to illustrate an infinitesimally small stage where color and light come together to create a commercial product unlike any available in the commercial photography market today.

3.     Leonard's images, which are assigned to APL, are highly desirable, particularly in the medical, pharmaceutical, and biological research industries.  APL licenses its copyrighted works, such as the one in this case, to educational publishers, health care companies, and other medical institutions and businesses for use in connection with the study of biology and related fields.  Leonard's images are often licensed by APL for use in pharmaceutical advertising.

4.     APL's images are in high demand.  Leonard's micrography of a bone marrow stem cell was featured on the cover of Time magazine's August 7, 2006 issue. Additionally, Leonard's image of a human embryonic stem cell was featured in Time Magazine as one of "Best Photos" of 2006.

5.     APL's images are unique and scarce.  Leonard is one of only a very few photographers who are capable of producing quality images of cells.  Few if any photographers besides Leonard have successfully captured a quality image of a bone marrow stem cell.

6.     Defendant UNITED STATES OF AMERICA, by and through the NATIONAL AERONAUTICS AND SPACE ADMINISTRATION ("NASA"), infringed on APL's rights as described herein.

7.     NASA is an independent agency of the United States Federal Government responsible for the civilian space program, as well as aeronautics and aerospace research.

## JURISDICTION AND VENUE

8.     This is an action arising under the Copyright Act, 17 U.S.C. § 501.

9.     This Court has exclusive subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1491 and 1498(b).

## THE COPYRIGHTED WORK AT ISSUE

10.     In 1996, APL created a photograph which is shown below and referred to herein

as the "Work".



11.     APL registered the Work with the Register of Copyrights on December 20, 2007

and was assigned the registration number VA 1-426-177.  The Certificate of Registration is

attached hereto as Exhibit 1.

12.     At all relevant times APL was the owner of the copyrighted Work at issue in this

case.

## INFRINGEMENT BY DEFENDANT

## VIOLATION OF APL'S EXCLUSIVE REPRODUCTION RIGHT UNDER § 106(1)

13.     APL has the exclusive right to reproduce the copyrighted Work in copies pursuant

to 17 U.S.C. § 106(1).

14.     In or about 2004, NASA copied the Work and uploaded the Work to a NASA

server.

15.     The process of uploading an image creates a copy of that image. See e.g., *Capitol Records, LLC v. ReDigi Inc.*, 910 F.3d 649, 657 (2d Cir. 2018) ("The fixing of the digital file in ReDigi's server … creates a new phonorecord, which is a reproduction.").

16.     When NASA uploaded the Work to the NASA server, NASA reproduced the Work in a copy and thus trespassed upon APL's exclusive right under § 106(1). See *Capitol Records*, 910 F.3d at 657; 17 U.S.C. § 501.

17.     Upon information and belief, since 2004, and within the three years prior to the filing of the complaint in this action, NASA made further copies of the Work without authorization in order to facilitate the display of the Work on NASA websites.

18.     NASA's copying of APL's copyrighted Work was without APL's permission or authority.

**VIOLATION OF APL'S EXCLUSIVE DISPLAY RIGHT UNDER § 106(5)**

19.     APL has the exclusive right to display the copyrighted Work pursuant to 17 U.S.C. § 106(5).

20.     NASA displayed APL's Work in violation of § 106(5) on its website within the three years prior to the filing of the complaint in this action, and thereafter, in an article entitled "Proteccion de Celulas Humanas Para Viajeros Espaciales" published at https://ciencia.nasa.gov/science-atnasa/2004/19aug_blood, shown in Exhibit 2 hereto.

21.     APL did not discover the violation of APL's display right shown in Exhibit 2 hereto until a date within the three years prior to the filing of the complaint in this action.

22.     "In an action for direct infringement, the owner of a copyright may bring a claim against anyone who violates one of the 'exclusive rights' protected by the Copyright Act, including 'in the case of … pictorial, graphic, or sculptural works, … to display the copyrighted

work publicly.'" *Kinon Surface Design, Inc. v. Hyatt Corp*., 2019 U.S. Dist. LEXIS 13670 at *5

(S.D. Fla. Jan. 28, 2019) (quoting 17 U.S.C. §§ 106(5) and 501(a)).

23.     "The Copyright Act explains that 'display' means 'to show a copy of it, either

directly or by means of a film, slide, television image, or any other device or process.'" *Perfect*

*10, Inc. v. Amazon.com, Inc*., 508 F.3d 1146, 1160 (9th Cir. 2007) (quoting 17 U.S.C. § 101;

*ALS Scan, Inc. v. RemarQ Cmtys., Inc.,* 239 F.3d 619, 622-26 (4th Cir. 2001) (observing that

website display of copyrighted photographs to internet subscribers was "public display"); see

generally R. Anthony Reese, The Public Display Right: The Copyright Act's Neglected Solution

to the Controversy over RAM "Copies", 2001 U. Ill. L. Rev. 83. (2001); David Nimmer,

Nimmer on Copyright § 8.20 (2007).

24.     "The displaying of copyrighted material on the internet can constitute an act of

infringement." *Kinon*, 2019 U.S. Dist. LEXIS 13670 at *5 (citing *Perfect 10,* 508 F.3d at 1160).

25.     NASA's display of APL's copyrighted Work was without APL's permission or

authority.

**VIOLATION OF APL'S EXCLUSIVE DISTRIBUTION RIGHT UNDER § 106(3)**

26.     APL has the exclusive right to distribute the copyrighted Work in copies pursuant

to 17 U.S.C. § 106(3).

27.     NASA distributed APL's Work in violation of § 106(3) on its website within the

three years prior to the filing of the complaint in this action, and thereafter, by making the Work

available for download in an article entitled "Proteccion de Celulas Humanas Para Viajeros

Espaciales" published at https://ciencia.nasa.gov/science-atnasa/2004/19aug_blood, shown in

Exhibit 2 hereto.

28.     APL did not discover the violation of APL's distribution right shown in Exhibit 2 hereto until a date within the three years prior to the filing of the complaint in this action.

29.     Public distribution of a copyrighted work is a right reserved to the copyright owner, and usurpation of that right constitutes infringement. See *Cable/Home Communication Corp. v. Network Productions, Inc.*, 902 F.2d 829, 843 (11th Cir. 1990). Section 106(3) grants the copyright owner "the exclusive right to sell, give away, rent or lend any material embodiment of his work." 2 MELVILLE B. NIMMER, Nimmer on Copyright § 8.11[A], at 8-124.1 (1993).

30.     APL's right under 17 U.S.C. § 106(3) to distribute copies to the public has been violated by NASA. See *Playboy Enters. v. Frena*, 839 F. Supp. 1552, 1557 (M.D. Fla. 1993).

31.     All conditions precedent to this action, including all administrative notice requirements under law, have been satisfied, have occurred or have been waived.

## COUNT I
## COPYRIGHT INFRINGEMENT

32.     Plaintiff incorporates the allegations of paragraphs 1 through 31 of this Complaint as if fully set forth herein.

33.     APL owns a valid copyright in the Work at issue in this case.

34.     APL registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

35.     NASA copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without APL's authorization in violation of 17 U.S.C. § 501.

36.     NASA performed the acts alleged in the course and scope of its business activities.

37.     APL has been damaged.

38.     APL seeks actual damages from NASA.

39.     An actual damages award "looks at the facts from the point of view of the[]

copyright owners; it undertakes to compensate the owner for any harm he suffered by reason of

the infringer's illegal act." *On Davis v. The Gap, Inc.*, 246 F.3d 152, 159 (2d Cir. 2001).

40.     Actual damages "are usually determined by the loss in the fair market value of the

copyright, measured by the profits lost due to the infringement or by the value of the use of the

copyrighted work to the infringer." *McRoberts Software, Inc. v. Media 100, Inc.*, 329 F.3d 557,

566 (7th Cir. 2003); see *Fitzgerald Publ'g Co. v. Baylor Publ'g Co.*, 807 F.2d 1110, 1118 (2d

Cir. 1986) ("[T]he primary measure of recovery is the extent to which the market value of the

copyrighted work at the time of the infringement has been injured or destroyed by the

infringement.") (citing 3 Nimmer on Copyright § 14.02 at 14-6); *Dash v. Mayweather*, 731 F.3d

303, 312 (4th Cir. 2013) (quoting *Fitzgerald*, supra).

41.     APL here seeks actual damages measured by "the fair market value of the

licensing fees 'the owner was entitled to charge for such use.'" *On Davis*, 246 F.3d at 165

(explaining that "[i]f a copier of protected work, instead of obtaining permission and paying the

fee, proceeds without permission and without compensating the owner . . . the owner has

suffered damages to the extent of the infringer's taking without paying what the owner was

legally entitled to exact a fee for"). Fair market value is often described as "the reasonable

licensing fee on which a willing buyer and a willing seller would have agreed for the use taken

by the infringer." *Id*. at 167; see *Jarvis v. K2 Inc*., 486 F.3d 526, 534 (9th Cir. 2007) (applying

standard); *Mackie v. Rieser*, 296 F.3d 909, 917 (9th Cir. 2002) (noting that the "market value

approach is an objective, not a subjective, analysis").

42.     APL seeks an actual damages award to be determined at trial based the fair

market value method. See *Leonard v. Stemtech Int'l, Inc.*, 834 F.3d 376, 390 (3d Cir. 2016)

(affirming jury verdict of $1.6 million in actual damages based on the fair market value method for two of APL's photographs, one of which is the Work at issue in this case).

43.    Pursuant to the fair market value method, the Court is entitled to consider the following elements of damage:

        a.  Prior licensing fees charged by APL for the work;

        b.  Prior licensing fees charged by photo licensing vendors for similar works;

        c.  The duration of NASA's use of the Work;

        d.  The manner of NASA's use of the Work;

        e.  The scarcity of APL's Work;

        f.  The exceptional high-quality of APL's Work;

        g.  Other factors impacting fair market value to be proven at trial.

44.    APL sustained damages within the three years preceding the filing of the complaint in this action.

WHEREFORE, the Plaintiff prays for judgment against the Defendant United States of America that:

        a.  Defendant be required to pay Plaintiff its actual damages in an amount to be determined by the Court plus prejudgment interest;

        b.  Plaintiff be awarded such other and further relief as the Court deems just and proper.

DATED: June 17, 2019               Respectfully submitted,

                                    */s/Joel B. Rothman*
                                    JOEL B. ROTHMAN
                                    joel.rothman@sriplaw.com

                                    **SRIPLAW**

21301 Powerline Road
Suite 100
Boca Raton, FL  33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Attorneys for Plaintiff APL Microscopic, LLC*