# UNITED STATES COURT OF FEDERAL CLAIMS

CASE NO.:  1:18-cv-01851-EJD

APL MICROSCOPIC, LLC,

       Plaintiff,

v.

THE UNITED STATES OF AMERICA,

       Defendant.

## PLAINTIFF'S SUPPLEMENTAL BRIEF ON THE ISSUE OF THE PUBLIC DISPLAY RIGHT UNDER 17 U.S.C § 106(5)

Plaintiff APL Microscopic, LLC, per the Court's June 3, 2019 Order, respectfully submits the following Supplemental Brief in further opposition to the Government's Motion to Dismiss.

### I.   QUESTION PRESENTED

Does public display occur when the owner of a website puts a protected work on its server (without authorization) so that it is made available for viewing by individual computer users who access the relevant page on the website, or, does public display occur only when—and each time—an individual computer user accesses the relevant page on the website?

### II.   BRIEF ANSWER

Public display occurs, and § 106(5) is violated, each time an individual computer user accesses the relevant page on a website that displays the protected work.

### III. PUBLIC DISPLAY IN VIOLATION OF 17 U.S.C. § 106(5) OCCURS EACH TIME A PERSON DISPLAYS AN IMAGE BY USING A COMPUTER TO FILL A COMPUTER SCREEN WITH A COPY OF THE INFRINGING IMAGE

A copyright owner has the exclusive right to display his or her work publicly. 17 U.S.C. § 106(5). The Copyright Act defines the "display" of a work as "to show a copy of it, either directly or by means of a film, slide, television image, or any other device or process or, in the case of a motion picture or other audiovisual work, to show individual images nonsequentially." 17 U.S.C. § 101. Cases interpreting this definition have held that display occurs by "the projection of an image on a screen… by any method, the transmission of an image by electronic or other means, and the showing of an image on a cathode ray tube, or similar viewing apparatus connected with any sort of information storage retrieval system." *Greenberg v. Nat'l Geographic Soc'y*, 533 F.3d 1244, 1279 (11th Cir. 2008).

Unauthorized transmission of a copyrighted work onto a public website alone violates a copyright owner's display right irrespective of whether the infringer's server hosts the work. *Kelly v. Arriba Soft Corp.*, 280 F.3d 934, 946 (9th Cir. 2002)("By allowing the public to view Kelly's copyrighted works while visiting Arriba's web site, Arriba created a public display of Kelly's works"). Violation of a copyright owner's display right occurs "even if there is no proof that any of the potential recipients was operating his receiving apparatus at the time of the transmission." *Kelly*, 280 F.3d at 945. The act of transmitting a work onto a website is enough; it is not necessary for anyone to actually view the infringing image for the display right to be violated. *Kelly*, 280 F. 3d at 946 ("Allowing this capability is enough to establish an infringement; the fact that no one saw the images goes to the issue of damages, not liability"); *Greenberg*, 533 F.3d at 1279-1280 ("The definition of 'transmit' is broad enough to include all conceivable forms and combinations of wired and wireless communications media…" citing H.R. Rep. No. 94-1476).

Storage of the work on the infringer's server is not a necessary element for violation of the copyright owner's display right; display of the work by the infringer is sufficient. See *Goldman v. Breitbart News Network, LLC*, 302 F. Supp. 3d 585, 595 (S.D.N.Y. 2018); *Leader's Inst., LLC v. Jackson*, No. 3:14-CV-3572-B, 2017 U.S. Dist. LEXIS 193555, at *31-32 (N.D. Tex. Nov. 22, 2017); *Flava Works, Inc v. Gunter¸* No. 10 C 6517, 2011 U.S. Dist. LEXIS 98451, at *9 (N.D. Ill. Sep. 1, 2011); *Playboy Enters., Inc. v. Webbworld Inc.*, 991 F. Supp. 543, 945 (N.D. Tex. 1997).

In *Flava Works,* a third-party's server, not the defendant's, stored the infringing videos that were displayed on the defendant's website. *Flava-Works,* 2011 U.S. Dist. LEXIS 98451, at *9. The court analyzed whether the defendant, myVidster, infringed the plaintiff's display right when myVidster inline linked the plaintiff's copyrighted videos onto the myVidster's website for users to watch. *Id.* The court determined that myVidster infringed Flava Works, Inc's display right. *Id.* at *11. The infringing act of linking the plaintiff's copyrighted video's onto myVidster alone was sufficient to violate the plaintiff's display right and subject myVidster to liability. *Id.* According to the court, "The fact that the majority of the videos displayed on myVidster reside on a third-party server does not mean that myVidster users are not causing a 'display' to be made by bookmarking those videos." *Id.*

In *Goldman,* the defendants, without the permission of the plaintiff, embedded the plaintiff's copyrighted photograph in a tweet on Twitter. *Goldman,* 302 F. Supp. 3d at 595. The court was tasked with determining whether the defendants, who embedded the plaintiff's photograph in a Tweet, violated the Plaintiff's exclusive right to display. *Id.* at 586. The court held that act of transmitting the photos to users, via Twitter, was sufficient in of itself, to find that the defendants "actively took steps to 'display' the image" and thus, subject the defendants to liability.

*Id.* at 593. "Nowhere does the Copyright Act suggest that possession of an image is necessary in order to display it. Indeed, the purpose and language of the Act support the opposite view." *Id.*

In *Leader's*, the plaintiff's website instructed the user's browser to display the defendants' website under the plaintiff's web address, a method of display called "framing." *Leader's,* 2017 U.S. Dist. LEXIS 193555 at *28. The court held that framing a copyrighted photograph violated the plaintiff's exclusive right to publicly display his work because the defendant's act of framing, "displayed the works by 'show[ing] a copy' of the works via a 'process'.'" *Id.* at *29 (citing 17 U.S.C. § 101). The transmission of a display of the plaintiff's works to the public through the web was enough for the court to find that the defendant violated the plaintiff's display right. *Id.* at *29-30.

In *Playboy*, the owner of an internet site displayed the plaintiff magazine publisher's copyrighted images on its website to internet subscribers, without the permission of the copyright owner. *Playboy,* 991 F. Supp. at 946. The court held that allowing subscribers to view copyrighted works on their computer monitors while online was a display. The fact that subscribers could view the images simply by visiting the defendant's site was enough to find that the defendant had violated the plaintiff's display right. *Id.* at 552.

### IV. PERFECT 10'S SERVER TEST WAS FACT SPECIFIC AND HAS BEEN REJECTED BY NUMEROUS COURTS

The facts of *Perfect 10* were different from the instant case. In *Perfect 10* Google displayed infringing full-sized images but did so without storing those images on its servers. Instead, Google Google provided users with HTML instructions that directed them to the website publishers' server that stored the full-sized images. *Id.* at 1161. Since the Ninth Circuit determined that the act of providing HTML instructions did not transmit or display images on a user's computer screen, Google was not found to infringe those full-sized images. *Id.* Furthermore, as to the thumbnail

sized images that Google displayed, the Ninth Circuit determined that Google's display was a fair use. *Id*. at 1163.

Other courts have been quick to confine the outcome in *Perfect 10* to its unique facts. See *Leader's,* 2017 U.S. Dist. LEXIS 193555, at *31-32 (distinguishing *Perfect 10 Inc.* because "[g]oogle did not actually display infringing images but instead provided links for users to access sites that displayed infringing images… Although the infringing content appeared under a Google banner, the user was essentially navigating to an infringing website to view Perfect 10's photos."); *Synopsys, Inc. v. Ubiquiti Networks, Inc.*, No. 17-cv-00561-WHO (LB), 2018 U.S. Dist. LEXIS 14147, at *15-16 (N.D. Cal. Jan. 29, 2018) ("the situation in Perfect 10 involved connections between three parties — end users, third-party servers hosting copyrighted material, and search engines that did not themselves host copyrighted material but that linked end users to the third-party servers that did host copyrighted material — and the 'server test' was a test to distinguish between the hosting third-party servers and the non-hosting search engines. The test did not address activities by end users and therefore is inapposite here.").

Moreover, *Perfect 10*'s server test has not been widely adopted and has been rejected by several courts. See, *Goldman,* 302 F. Supp. 3d at 593 (rejecting the *Perfect 10* server test because "the plain language of the Copyright Act, the legislative history undergirding its enactment, and subsequent Supreme Court jurisprudence provide no basis for a rule that allows the physical location or possession of an image to determine who may or may not have 'displayed' a work within the meaning of the Copyright Act."); *Flava Works,* 2011 U.S. Dist. LEXIS 98451, at *10-11 (rejecting the analysis in *Perfect 10* as "highly fact-specific and distinguishable," and "[t]o the extent that Perfect 10 can be read to stand for the proposition that inline linking can never cause a

display of images or videos that would give rise to a claim of direct copyright infringement, we respectfully disagree.")

## V. CONCLUSION

As in the cases discussed above, and hereto, NASA violated APL's display right by displaying APL's Work on its website. For the foregoing reasons, the court should find that the Complaint has sufficiently alleged a violation of APL's display right, by NASA, under § 106(5).

DATED: June 24, 2019 Respectfully submitted,

/s/  Joel B. Rothman
JOEL B. ROTHMAN
Florida Bar No. 98220
joel.rothman@sriplaw.com

**SRIPLAW**
21301 Powerline Road
Suite 100
Boca Raton, FL  33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Attorneys for Plaintiff APL Microscopic, LLC*

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on June 24, 2019, a true and correct copy of the foregoing document was served by electronic mail by the Court's CM/ECF System to all parties listed below on the Service List.

/s/ Joel B. Rothman

JOEL B. ROTHMAN

## **SERVICE LIST**

Mr. Patrick C. Holvey
Department of Justice
2200 L Street, NW
Room 8512
Washington, DC 20005
patrick.c.holvey@usdoj.gov
Attorney for Defendants